IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CONSTRUCTION WORKERS PENSION TRUST FUND LAKE COUNTY AND VICINITY, | ) ) ) ) | |
| Plaintiff, | ) ) ) | 18 cv00068 |
| v. | ) ) | Judge Andrea Wood |
| HOOKS, AV, LLC, an Illinois Limited Liability Corporation, | ) ) ) ) | |
| Defendant. | ) | |

## MOTION TO STRIKE

NOW COMES the Plaintiff, CONSTRUCTION WORKERS PENSION TRUST FUND LAKE COUNTY AND VICINITY ("The Fund"), by and through its attorney, Robert F. Greenberg, pursuant to Federal Rules of Civil Procedure 8(b) and 12(f) and submits its motion to strike Paragraphs 1-5, 8-10 of the Answer and deem the pleadings thereof as "Admitted," and in support thereof states as follows:

1.  On January 4, 2018, The Fund filed its complaint.

2.  On April 26, 2018, Defendant HOOKS, AV, LLC ("Defendant") filed its Answer to the Complaint.

3.  Portions of the Answer fail to comply with the pleading requirements set forth in Federal Rule of Civil Procedure 8(b). Rule 8(b) states, in relevant part, that a party responding to a pleading to either admit the allegations asserted against them by an opposing party, deny them, or state that they lack knowledge or information sufficient to form a belief about the truth of an allegation. Fed. R. Civ. P. 8(b). An answer that

1

responds by stating that the party lacks knowledge or information sufficient to form a belief of an allegation has the effect of a denial. Fed. R. Civ. P. 8(b)(5).

4. The Answer to Paragraph 1 of the Complaint fails to comply with the pleading requirements of Federal Rule of Civil Procedure 8(b). Hooks's Answer to Paragraph 1 is as follows:

"**ANSWER:** Hooks lacks sufficient knowledge to admit or deny the allegation in Paragraph 1 of Plaintiff's Complaint and therefore demands strict proof thereof."

Answer ¶ 1.

5. The Answer to Paragraph 2 of the Complaint fails to comply with the pleading requirements of Federal Rule of Civil Procedure 8(b). Hooks's Answer to Paragraph 2 is as follows:

"**ANSWER:** Hooks lacks sufficient knowledge to admit or deny the allegation in Paragraph 2 of Plaintiff's Complaint and therefore demands strict proof thereof."

Answer ¶ 2.

6. The Answer to Paragraph 3 of the Complaint fails to comply with the pleading requirements of Federal Rule of Civil Procedure 8(b). Hooks's Answer to Paragraph 3 is as follows:

"**ANSWER:** Hooks lacks sufficient knowledge to admit or deny the allegation in Paragraph 3 of Plaintiff's Complaint and therefore demands strict proof thereof."

Answer ¶ 3.

7. The Answer to Paragraph 4 of the Complaint fails to comply with the pleading requirements of Federal Rule of Civil Procedure 8(b). Hooks's Answer to Paragraph 4 is as follows:

"**ANSWER:** Hooks lacks sufficient knowledge to admit or deny the allegation in Paragraph 4 of Plaintiff's Complaint and therefore demands strict proof thereof."

Answer ¶ 4.

8. The Answer to Paragraph 5 of the Complaint fails to comply with the pleading requirements of Federal Rule of Civil Procedure 8(b). Hooks's Answer to Paragraph 5 is as follows:

"**ANSWER:** Hooks lacks sufficient knowledge to admit or deny the allegation in Paragraph 5 of Plaintiff's Complaint and therefore demands strict proof thereof."

Answer ¶ 5.

9. The Answer to Paragraph 8 of the Complaint fails to comply with the pleading requirements of Federal Rule of Civil Procedure 8(b). Hooks's Answer to Paragraph 8 is as follows:

"**ANSWER:** Hooks lacks sufficient knowledge to admit or deny the allegation in Paragraph 8 of Plaintiff's Complaint and therefore demands strict proof thereof."

Answer ¶ 8.

10. The Answer to Paragraph 9 of the Complaint fails to comply with the pleading requirements of Federal Rule of Civil Procedure 8(b). Hooks's Answer to Paragraph 9 is as follows:

"**ANSWER:** Hooks lacks sufficient knowledge to admit or deny the allegation in Paragraph [9] of Plaintiff's Complaint and therefore demands strict proof thereof."

Answer ¶ 9.

11. The Answer to Paragraph 10 of the Complaint fails to comply with the pleading requirements of Federal Rule of Civil Procedure 8(b). Hooks's Answer to Paragraph 10 is as follows:

"**ANSWER:** Hooks lacks sufficient knowledge to admit or deny the allegation in Paragraph 10 of Plaintiff's Complaint and therefore demands strict proof thereof."

Answer ¶ 10.

12.     This Court has extensively discussed the improper use of the language "and demands strict proof thereof" in party pleadings. *Gilbert v. Johnson*, 127 F.R.D. 145, 146 (N.D. Ill. 1989); *Griffin v. Dana Point Condominium Association*, 765 F.Supp. 498, 500 (N.D. Ill. 1991); *King Vision Pay Per View, Ltd. v. J.C. Dimitri's Restaurant, Inc.*, 180 F.R.D. 332, 333 (N.D. Ill. 1998); *Peyton v. Otis Elevator Co.*, 1998 WL 574378. In each of these cases, this Court has found responses to complaint allegations made in the same manner as the Defendant to be unacceptable violations of Rule 8(b)'s "plain roadmap." *King Vision*, at 332. In *King Vision*, this Court deemed all allegations in the complaint where the defendant has violated Rule 8(b) to be admitted and proceeded on that basis. *Id.* at 334. The Court further warned future litigants "similarly defective pleadings will encounter likely treatment." *Id.* Attorneys have struggled to explain to this Court, *inter alia*, what "strict proof" means and its origins as an acceptable pleading standard. *Gilbert*, at 146. For these reasons, we respectfully ask this Court to deem Paragraphs 1-5, 8-10 of the Defendant's Answer as "Admitted."

13.     Even if the Defendant's pleadings in Paragraphs 1-5, 8-10 of their Answer are not deemed admitted for violating the above-discussed Rule 8(b) requirement, Paragraphs 1-5, 8, 10 still violate Rule 8(b) on other grounds and should still be stricken and deemed admitted pursuant to Federal Rule of Civil Procedure 12(f). Under 12(f), a party (or the court *sua sponte*) "may strike from a pleading an insufficient defense…" Fed. R. Civ. P. 12(f). When parties plead a lack of sufficient knowledge to admit or deny allegations, the answer has the effect of a denial. Fed. R. Civ. P. 8(b)(5). But "under comparable provisions of the Federal Rules of Civil Procedure, an answer asserting want of knowledge sufficient to form a belief as to the truth of facts alleged in a complaint does

4

not serve as a denial if the assertion of ignorance is obviously a sham. In such circumstances the facts alleged in the complaint stand admitted." *American Photocopy Equipment Co. v. Rovico, Inc.*, 359F.2d 745, 747 (7th Cir. 1966), quoting *Harvey Aluminum, Inc. v. N.L.R.B.*, 335 F.2d 749 (9th Cir. 1964). See also *Mesirow v. Duggan*, 240 F.2d 751 (8th Cir. 1957), cert. denied sub nom. *Duggan v. Green*, 335 U.S. 864 (1957).

A party may not simply deny sufficient information or knowledge in bad faith; they are instead required to be honest in their pleadings. *Djourabchi v. Self*, 571 F.Supp.2d 41, 50 (D.D.C. 2008); *David v. Crompton & Knowles Corp.*, 58 F.R.D. 444, 446 (E.D.Pa. 1973). Parties have a duty to "exert a reasonable effort to obtain knowledge of a fact" before claiming insufficient knowledge or information to admit or deny allegations in a complaint. *Greenbaum v. United States*, 360 F.Supp. 784, 787 (E.D.Pa. 1973). A party that denies sufficient information or knowledge to admit or deny allegations when obtaining such knowledge would require minimal effort is simply seeking to delay justice. *Reed v. Turner*, 2 F.R.D. 12 (E.D.Pa. 1941) ("The effect and purpose is merely to delay justice.")

14. Defendant claimed to "lack sufficient knowledge to admit or deny the allegations" in Paragraph 1 of the Complaint. Paragraph 1 of the Complaint states as follows:

"This action is brought under the provisions of Sections 502(a)(3) and (g)(2) and Section 515 of the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C., Secs. 1132(g)(2), (a)(3) and 1145."

Complaint ¶ 1.

The Defendant, by and through its attorneys, is within its power to review the relevant statutes and the allegation in the Complaint and to make a determination as to whether to Admit or Deny the allegation.

15. The Defendant claimed to "lack sufficient knowledge to admit or deny the allegations in Paragraph 2 of Plaintiff's Complaint." Paragraph 2 of the Complaint states as follows:

"Jurisdiction in this Court is based upon Sections 502(e)(1) and 502(e)(2) of ERISA [29 U.S.C. Sec. 1132(e)(1) and (e)(2), which states in relevant part: […]"

Complaint ¶ 2.

The Defendant, by and through its attorneys, is within its power to review the relevant statutes and the allegation in the Complaint and to make a determination as to whether to Admit or Deny the allegation.

16. The Defendant claimed to "lack sufficient knowledge to admit or deny the allegations in Paragraph 3 of Plaintiff's Complaint." Paragraph 3 of the Complaint states as follows:

"THE CONSTRUCTION WORKERS PENSION TRUST FUND LAKE COUN[T]Y AND VICINITY ('Fund) has been established pursuant to collective bargaining agreements heretofore entered into between CONSTRUCTION WORKERS ("Union") and Defendant, and the Fund is maintained and administered in accordance with and pursuant to the provisions of Section 302(c)(5) of the National Labor Relations Act, as amended, ERISA and other applicable federal law and the Fund is administered pursuant to the terms and provisions of a certain restate Agreement and Declaration of Trust ('Trust Agreement.')"

Complaint ¶ 3.

In addition to failing to review the relevant statutes, the Defendant is claiming to not know whether it is a party to a collective bargaining agreement with the Fund. Even if the Defendant was truly ignorant as to whether they have a bargained-for contract with a

6

labor union that represents its employees, such information is within the power of the Defendant to ascertain and cannot be denied in good faith.

17. The Defendant claimed to "lack sufficient knowledge to admit or deny the allegations in Paragraph 4 of Plaintiff's Complaint." Paragraph 4 of the Complaint states as follows:

"The Fund office is located at 211 West Lincoln Highway (Route 30), Merrillville, Indiana 46410, and the Fund is administered in the Northern District of Indiana."

Complaint ¶ 4.

A simple, cursory glance at the Fund's plan document would confirm its address. The Defendant's decision not to review basic, easily ascertainable information necessary to plead a response to the Complaint suggests bad faith and serves little value other than to "delay justice." See *Reed v. Turner*, 2 F.R.D. 12 (E.D.Pa. 1941).

18. The Defendant claimed to "lack sufficient knowledge to admit or deny the allegations in Paragraph 5 of Plaintiff's Complaint." Paragraph 5 of the Complaint states as follows:

"As provided in the Trust Agreement, Plaintiff is required to receive, hold and manage all monies required to be contributed to the Fund in accordance with the provisions of the then applicable Collective Bargaining Agreement for the uses and purposes set forth in the Trust Agreement."

Complaint ¶ 5.

The truth or falsity of this allegation is as easily ascertainable as those discussed *supra*. Defendant is well within their ability to glance at the Trust Agreement to determine whether it states what the Fund alleges, and issue a clear admission or denial.

19. The Defendant claimed to "lack sufficient knowledge to admit or deny the

7

allegations in Paragraph 8 of Plaintiff's Complaint." Paragraph 8 of the Complaint states as follows:

"That from April 1, 2017 through August 31, 2017, Defendant has employed, and will continue in the future to employ, diverse number of individuals which are unknown to Plaintiff, but are known to Defendant, on whose behalf Defendant has failed to report and remit contributions."

Complaint ¶ 8.

The Defendant is within his power and knowledge to ascertain who is employed by the company and whether the contributions were remitted and reported.

20. The Defendant claimed to "lack sufficient knowledge to admit or deny the allegations in Paragraph 10 of Plaintiff's Complaint." Paragraph 10 of the Complaint states as follows:

"Defendant's failure to pay in a timely manner is a violation of the Collective Bargaining Agreement and the Trust Agreement. Plaintiff, therefore, seeks enforcement of these provisions pursuant to Section 502(a)(3),(b)(ii) and Section 301(a) of the Labor Management Relations Act of 1947, as amended, 29 U.S.C., Sec. 185(a)."

Complaint ¶ 10.

The Defendant, by and through its attorneys, is within its ability to review the Collective Bargaining Agreement, the Trust Agreement, and the relevant statutes to determine whether the allegation in the Complaint is true and either Admit or Deny the allegation.

WHEREFORE, Plaintiff, THE FUND, respectfully prays that this Honorable Court enter an Order striking the portions of the Answer to the Complaint as set forth above, deem the allegations as "Admitted," and provide any other relief this Court deems necessary and proper.

Respectfully submitted,


/s/ Robert B. Greenberg
Asher, Gittler & D'Alba, Ltd.
200 West Jackson Boulevard, Suite 720
Chicago, Illinois 60606
(312) 263-1500 - Fax: (312) 263-1520
rbg@ulaw.com
IL ARDC#: 01047558